THOMAS FARRAR *versus* HIRAM FAIRBANKS.

On an issue joined of *nul tiel record*, a judgment in favor of Thomas Far-row will not support a declaration in debt on a judgment in favor of Thomas Farr*ar*.

*It seems* that such misprision may be avoided by an averment that the plaintiff, by the name of Thomas Farr*ow*, recovered such judgment.

ON EXCEPTIONS from *Nisi Prius*, WALTON, J., presiding. Debt on a judgment.

The presiding Judge ruled that there was a material and fatal variance between the declaration and the record of the judgment offered, and ordered a nonsuit, to which ruling and order the plaintiff excepted.

The remaining facts appear in the opinion.

*H. G. Cilley*, for the plaintiff.

*C. Record*, for the defendant.

BARROWS, J. — The prevalent looseness in matters of pleading, growing out of the facility with which amendments are allowed, does not warrant the attempt here made on the part of the plaintiff.

Thomas *Farrar* avers that he recovered judgment against the defendant, " as by the record thereof now remaining in said Court appears."

The defendant pleads *nul tiel record*, and, upon issue joined, the record produced is of a judgment in favor of Thomas *Farrow*.

The naked issue raised was whether there was any such record as that set forth in the declaration. The presiding Judge ruled that there was a material and fatal variance between the declaration and the record of judgment produced to support it, and ordered a nonsuit.

The plaintiff excepts and asks us to determine as matter of law that Thomas *Farrow* is, in a record, one and the same with Thomas *Farrar*. Undoubtedly, if there were a

misprision, it was competent for the plaintiff to have averred that he, by the name of Thomas *Farrow*, recovered the judgment. Had he moved to amend so as to present that issue, leave would undoubtedly have been granted.

But, upon the pleadings here presented, we cannot presume that these two names refer to the same person.

There is no such record as the declaration sets forth, and the exceptions must be overruled, and

*Nonsuit confirmed.*

APPLETON, C. J., KENT, WALTON and DANFORTH, JJ., concurred.